## MORRIS v. STEELE.

1. **Practice in Supreme Court:** EVIDENCE NOT PRESERVED STRICKEN OUT. Where no bill of exceptions is found of record in the court below, and it is doubtful whether or not any such bill was ever filed there, a motion to strike the evidence from the abstract, on the ground that it was not preserved by a bill of exceptions, must be sustained.

2. ———: LOST RECORDS. Lost records in the court below cannot be supplied by affidavits in this court.

3. **Judgment of District Court:** PRESUMPTION IN FAVOR OF. Where an action was founded upon a guardian's bond, and also upon a promissory note, and a judgment was rendered against defendant in the cause, but it does not appear whether upon the bond or upon the note, and it might have been upon the note, this court will not reverse the judgment on the ground that the court below had no jurisdiction of the action upon the guardian's bond, because the guardian's accounts had not been settled in the circuit court.

*Appeal from Johnson District Court.*

FRIDAY, DECEMBER 7.

THIS is an action against the defendant on certain guardian's' bonds, which it is alleged he signed as surety for Eleanor S. Wood, plaintiff's guardian, and also to recover upon a certain promissory note executed by the defendant to the plaintiff. There was a trial by the court, and a judgment was rendered for the plaintiff for $300. Defendant appeals.

*S. H. Fairall,* for appellant.

*A. C. Younkin* and *Milton Remley,* for appellee.

Morris v. Steele.

ROTHROCK, J.—I.   The plaintiff, upon the submission of
the case and in the printed argument, presented a motion to
strike out all of the evidence from appellant's
abstract, upon the ground that the evidence was
not preserved by a bill of exceptions.   The de-
fendant resisted this motion by the affidavit of
his counsel and of the clerk of the district court.   The clerk
stated in his affidavit that the short hand reporter's notes,
duly certified, were filed in his office, but were not entered
upon the appearance docket.   He makes no mention in his
affidavit of the filing of a bill, of exceptions.   On the other
hand, the deputy clerk of the district court made an affidavit,
which was filed by the plaintiff, in which it is stated that no
bill of exceptions had been filed in the clerk's office.   The
fact is that there is neither a bill of exceptions nor a report-
er's transcript to be found in the clerk's office or elsewhere.

The affidavit of counsel for appellant sets forth that he
prepared a bill of exceptions, and that at that time the judge
who tried the case had become mentally and physically una-
ble to sign the same, and that thereupon counsel for appellee
agreed that the signature of the judge should be waived,
and agreed that the bill of exceptions should be regarded as
signed by the judge, and that the said bill of exceptions and
written agreement were handed to the clerk to be filed.

We think the motion to strike out the evidence must be sus-
tained.   It is not in terms claimed in the abstract that it is an
abstract of the evidence as shown by a bill of exceptions.
If it had been so stated, it would have been the right of ap-
pellee to file an additional abstract denying that there was
any bill of exceptions, and calling upon the appellant for a
transcript.   Of course, a transcript would not have shown
that there was a bill of exceptions, because there is none on
file, and there is nothing in the clerk's office to show that any
ever was on file.

A motion to strike the evidence from the abstract, because
not preserved by a bill of exceptions, properly raises the

*1. PRACTICE
in supreme
court: evi-
dence not
preserved
stricken out.*

question whether there was a bill of exceptions or not.

**2. ——: lost records.** This can be settled by the record of the court below, and by that only. Lost records in the court below cannot be supplied by affidavits in this court.

II. The motion being sustained, we have nothing left of the case excepting the pleadings. It appears from the plead-

**3. JUDGMENT of district court: presumption in favor of.** ings that Eleanor S. Wood, the mother of the plaintiff, was the guardian of the plaintiff during her minority; that plaintiff was the owner of forty acres of land; and that her said guardian sold the land to the defendant under an order from the circuit court; that defendant became surety on the guardian's bond; that plaintiff's mother received $150 of the purchase money, and the defendant executed his promissory note to the plaintiff for $200, payable on a certain date corresponding with plaintiff's arrival at full age; that when the plaintiff was fifteen or sixteen years old an arrangement was made whereby defendant's note was surrendered to him, and the note of a third person was taken and collected by the guardian. When the note was surrendered, the plaintiff signed a receipt in full, and an agreement that she would never make any claim against defendant as surety for her guardian. After this, plaintiff's mother and guardian died, wholly insolvent, leaving no property whatever. The plaintiff sought to recover upon the guardian's bonds and upon the note which was executed to her. She claimed that the agreement was never knowingly signed by her; that she received no money for the note; and denied that any part of the proceeds was paid to her, or expended for her benefit.

The appellant claims in argument that the district court had no jurisdiction of the action, and that, before any suit can be maintained on the guardian's bond, the guardian's accounts should be settled in the circuit court, and the amount found to be due should be ascertained. If it were not for the cause of action founded upon the promissory note payable to the plaintiff, we might consider the question

presented by counsel. But every reasonable presumption must be indulged in favor of the correctness of the judgment of the court below, and we cannot say without the evidence that the court was not warranted in finding the defendant liable in the sum of $300 on the cause of action founded on the note.

AFFIRMED.